UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SEAN D. GATES,

              Petitioner,

              v.                             CAUSE NO.: 3:18-CV-528-JD-MGG

WARDEN,

              Respondent.

## OPINION AND ORDER.

Sean D. Gates, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary hearing (ISP 17-12-0124) where a Disciplinary Hearing Officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction offense B-215. As a result, he was sanctioned with the loss of 30 days earned credit time.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). While this is not an easy standard for a prisoner to meet, "some" evidence is not the same as "no" evidence.

According to the conduct report:

> On 12-12-17 at approx. 12:40 p.m. I, Ofc. Rucker, was with Sgt. Redden shaking down cell 334 in BCH belonging to offender Gates # 983506. During the shakedown I found a cellphone charger inside a can of oatmeal. I also found a micro sd card and what appears to be green dot numbers inside a T.V. remote. The items were confiscated and forwarded to I.A.

(ECF 2-1 at 3). On December 13, 2017, Gates was provided with and signed a screening report indicating that he was being charged with possession of an electronic device in violation of IDOC offense B-207, and that his hearing was scheduled for December 15, 2017. (ECF 9-3 at 1.) On that form, Gates requested physical evidence as follows: "cord and SD card belonged to keyboard." *Id.* A hearing was held on December 15, 2017. The report of disciplinary hearing form indicates that the charge was changed from possession of an electronic device (B-207) to unauthorized possession of property (B-215), and that Gates was found guilty. (ECF 9-4 at 1.) Gates' comments are noted as follows:

> The cord and the SD card was [sic] to a keyboard. I had those for years. When they took the keyboard, they left the cords. How is it an electronic device if they were left with me? It was not in oatmeal. It was laying out. Should be a 353.

(*Id.*) The DHO found that:

Conduct report is clear and concise for an unauthorized possession, code 215. Evidence supports the charge. I am finding him guilty.

(*Id.*).

Gates argues that he is not guilty of violating IDOC offense B-215 because he was allowed to purchase the keyboard and SD card. (ECF 2 at 2.) At the time of Gates' hearing, unauthorized possession of property in violation of IDOC offense B-215 included "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.[1] The DHO's conclusion that Gates violated this provision is far from persuasive. It is certainly true that a conduct report alone can be enough to support a finding of guilt in prison disciplinary proceedings. *McPherson*, 188 F.3d at 786. But the conduct report in this case is nothing more than a conclusion. It provides no insight into why the DHO found that the property Gates possessed belonged to the State or another individual. The plain language of offense B-215 requires that the unauthorized property belong to the State or another. Thus, there must be "some evidence" that the unauthorized property was not Gates' property to support the DHO's determination that Gates violated IDOC offense B-215 as it was defined at the time of Gates' offense. There is no such evidence.[2]  As such, the DHO's

---

[1] The respondent inappropriately relies upon the definition IDOC offense 215 found in Appendix I of the June 4, 2018, Indiana Department of Correction Adult Disciplinary Process. (ECF 9 at 4; ECF 9-9 at 1.) Gates' hearing took place on December 15, 2017, so the definition of IDOC offense 215 found in Appendix I of the June 1, 2015, Indiana Department of Correction Adult Disciplinary Process applies here.

[2] The evidence before the DHO may have supported a finding that Gates violated**Error! Main Document Only.** either offense B-215 as modified in 2018, or offense C-353, which in 2017 prohibited unauthorized possession of property, and is violated by "[a]ny unauthorized possession, alteration,

finding of guilt fails to satisfy the modicum of evidence required under the "some evidence" standard required to support a conviction. *McBride*, 188 F.3d at 786.

For these reasons, Sean D. Gates' petition for writ of habeas corpus is GRANTED. The respondent is ORDERED to file documentation by May 31, 2019, showing that the guilty finding in ISP 17-12-0124 has been vacated and that any earned credit time or demotion in credit class that Gates lost because of the guilty finding is restored.

SO ORDERED on April 30, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT

---

removal or relocation of personal property." http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The former, however, was inapplicable to Gates, and Gates was not found guilty of the latter.